36952

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CitiMortgage Inc.,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>Edwin Alberto Cintrón Núnez, Yanitza Ramos Santana and the Conjugal Partnership that exists between them; United States of America,<br><br>　　　　Defendants. | CIVIL NO:<br><br>RE:　　Mortgage Foreclosure (In Rem) |

**COMPLAINT**

TO THE HONORABLE COURT:

　　COMES now, **CitiMortgage Inc.,** hereinafter referred to as "**CMI**", by the undersigned attorney, and very respectfully states, alleges and prays:

　　**I Parties**

1. CMI is a corporation with its principal place of business in 1000 Technology Drive O'Fallon, MO 63368.

2. Edwin Alberto Cintrón Núnez, Yanitza Ramos Santana and the Conjugal Partnership that exists between them; United States of America hereinafter will be referred to as "the defendants or the mortgagors".

3. The property object of the present cause of action is located in Toa Alta, Puerto Rico.

4. Defendants' last known postal address is in Brandon, Florida.

　　**II Jurisdiction and Venue**

5. This Honorable Court has jurisdiction over the instant case pursuant to the provisions of 28 U.S.C. § 1332 (a)(1) because the amount claimed, exclusive of interests and costs, exceeds $75,000.00 and the parties are citizens of different States.

6. Venue is proper pursuant to 28 U.S.C. 1391 (b) (1) because the mortgagors' residence is in Puerto Rico.

**III Allegations**

7. On February 27, 2012, the Defendants filed a bankruptcy petition under the provisions of chapter 13 of the Bankruptcy Code, case number 12-01362.

8. On June 27, 2016, the U.S Bankruptcy Court for the District of Puerto Rico entered an order lifting the stay in favor of CMI. Attached hereto as **Exhibit 1** is a copy of said order.

9. The present cause of action is solely filed as a mortgage foreclosure proceeding of *In Rem* nature due to debtors' noncompliance with the mortgage deed clauses.

10. Plaintiff is not seeking to collect the indebtedness from the defendants' personal assets.

11. In light of the above information, plaintiff is entitled to file a mortgage foreclosure action (IN REM).

12. The property object the present case is encumbered by a junior lien in the name of the United States of America or its agencies.

13. The mentioned lien is described as follows:

**SUBORDINATE MORTGAGE**: Filed February 4th 2015 at seat 367 of Daily Entries Book 530 deed number 14, executed in San Juan, January 30th 2015, before Luis Alberto Sifonte Colón, notary public, for the inscription of mortgage in favor of Secretary of Housing and Urban Development of the United States of America, for the original loan amount of $38,146.37.

14. Title 28 of the United States Code, sec. 2410, *28 U.S. Code §2410* states the following: "Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter: (1) to quiet title to, (2) to foreclose a mortgage or other lien upon, (3) to partition, (4) to condemn, or (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien."

15. In order to comply with the abovementioned section, the United States of America is named as a party in the present case.

16. On October 8, 2004, for value received, a mortgage note payable to First Equity Mortgage Bankers, Inc. or order was executed before Notary Public Dianne M. Pérez Sebastián, affidavit number 1553, hereinafter "**the note or the instrument**". The note in the principal sum of $220,700.00 bears interests on the unpaid principal balance at the rate of 5.500% per annum until the debt is paid in full. Attached

hereto as **Exhibit 2** is a copy of the note.

17. The principal and interests due under the note are payable in monthly installments.

18. The note provides for the payment of late charges in the amount of 4.000% of each and any monthly installment not received by the note holder within 15 days after the installment is due and for the payment of 10% of the original principal amount ($22,070.00) to cover costs, expenses, and attorney's fees in the event the holder of the Note is required to seek judicial collection.

19. A voluntary mortgage was constituted by deed number 511 executed before the notary public Dianne M. Pérez Sebastián on October 8, 2004, hereinafter "**the mortgage deed**" to secure the repayment of (a) the indebtedness evidenced by the note, (b) an amount of 10% of the original principal amount ($22,070.00) of the note to cover costs, expenses and attorney's fees in the event of judicial collection, (c) an amount of 10% of the original principal amount ($22,070.00) of the note to cover any advances made under the mortgage deed and, (d) an amount of 10% of the original principal amount of the note ($22,070.00) to cover interests in addition to those secured by law.

20. The mortgage encumbers the below described property, hereinafter "**the property**".

> *URBANA: Solar radicado en la Urbanización Palacios de Marbella localizada en los Barrios Ortiz y Piñas del Municipio de Toa Alta, Puerto Rico, que se describe en el plano de inscripción, con el número, área y colindancias que se relacionan a continuación: Número del Solar: 14 del bloque H. Área del Solar 450.00 metros cuadrados. En lindes: por el Norte, con el Solar Número 15 del bloque H, en una distancia de 30.00 metros; por el Sur, con el Solar Número 13 del bloque H, en una distancia de 30.00 metros; por el Este, con el Solar Número 23 del bloque H y con el Solar Número 24 del bloque H, en una distancia de 15.00 metros y por el Oeste, con la Calle Número 6, en una distancia de 15.00 metros. En este solar se ha construido una vivienda de bloques y hormigón reforzado para una familia.*

21. The property is identified with the number 24,910 and is recorded at page number 1 of volume number 493 of Toa Alta, in the Property Registry of Bayamón, Third Section.

22. The mortgage is recorded at page number 1 of volume number 493 of Toa Alta, Second entry in the Property Registry of Bayamón, Third Section.

23. The mortgage note and the mortgage deed were modified by virtue of Loan Modification Agreement signed between the parties on February 4, 2011, pursuant to which the principal balance was modified to the sum of $227,080.84, the interest rate was reduced to 4.75% per annum, and the a maturity date was extended to February 1st, 2041.

24. In accordance with the Property Registry the defendants are the owners of the property.

25. Pursuant to 19 L.P.R.A. sec.601, CMI is the person entitled to

enforce the instrument.

26. It was expressly stipulated in the note and in the mortgage deed that default in the payment of the monthly installments or noncompliance with the covenants or agreements included in the note and/or the mortgage deed would authorize the holder of the note to declare due and payable the total amount of the indebtedness evidenced by the note, and proceed with the execution and/or foreclosure of the mortgage.

27. The last payment made by the defendants under the mortgage note was the payment due November 1, 2014. The defendants herein have failed to comply with the terms of the note and the mortgage deed and have breached their duty to pay the monthly installments due since November 1, 2014 and thereafter until the present day.

28. The entire principal sum and accrued interests and expenses have become due and payable pursuant to the acceleration clause of the note and the mortgage deed.

29. The defendants owe CMI the principal sum of $212,958.32 plus interest at a rate of 4.75% per annum since November 1, 2014. Such interests continue to accrue until the debt is paid in full. The defendant also owes CMI late charges in the amount of 4.000% of each and any monthly installment not received by the note holder within 15 days after the installment was due. Such late charges continue to accrue until the debt is paid in

full. The defendants also owe CMI all advances made under the mortgage note including but not limited to insurance premiums, taxes and inspections as well as 10% of the original principal amount ($22,070.00) to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation.

30. Plaintiff will present at the Registry of Property of Bayamón, Third Section a notice of *lis pendens* over the property that is subject of the instant action.

**WHEREFORE**, in view of the above plaintiff hereby respectfully requests that the remedy herein sought be granted and demands the entry of judgment as follows:

   a. That defendants pay CMI the amounts claimed in paragraph 29 of this complaint;
   b. Or in default thereof that an Order and a Writ of Execution be issued so as to allow for all legal rights, title and interests which the defendants may have in the above described property and any building or improvement thereon be sold at a public auction and that the monies due to CMI as alleged in the preceding paragraphs be paid out of the proceeds of the judicial sale;
   c. That the defendants be absolutely barred and foreclosed from all rights and equity redemption in and to said property;
   d. That if the proceeds of the judicial sale exceed the sum of

money to be paid to CMI as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

e. That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of any junior liens recorded therein;

f. Order such further relief as in accordance with the law and equity may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this November 30, 2016.

> **MARTINEZ & TORRES LAW OFFICES**
> P.O. Box 192938
> San Juan, PR 00919-2938
> Tel. (787) 767-8244
> Fax (787) 767-1183
>
> /s/ Enrique A. Guzmán Matos
> _____
> By: Enrique A. Guzmán Matos
> USDC -PR 300602
> *eguzman@martineztorreslaw.com*